

STATE OF MICHIGAN

SUPREME COURT

May 7, 2010

GRIEVANCE ADMINISTRATOR,
Petitioner-Appellee,

v

SC: 140081
ADB: 06-186-GA

SHELDON L. MILLER,
Respondent-Appellee.

_____

WAYNE ALARIE and RICHARD MARTIN,
Complainants-Appellants.


Justice YOUNG, Statement *Denying* Appellants' Motion to Participate:

I harbor no bias for or against any of the parties in this grievance matter. Moreover, as the Appellants correctly note, I had no direct contact with the *Dumas v AAA* case which led to the grievance matter that is now before this Court. My *only* (and attenuated) connection was that during my tenure as General Counsel of AAA Michigan, the *Dumas* case was pending: I was not counsel of record in *Dumas*, and AAA retained outside counsel who were, in turn, supervised by lawyers on my staff.

Obviously, as General Counsel, I was kept apprised of the progress of all litigation in which the company was involved. However, as Appellants also accurately note, I certainly had no knowledge of any counsel/client relationship issues that comprise the actual subject matter before the Court today – the grievance filed against Mr. Miller by his former clients. ***Most significant, AAA is not a party to this grievance*, which is the only matter before this Court. Therefore, even my tenuous connection to the *Dumas* case has no relevance to the matter pending here.**

In a rational world where the legitimate concern is that only judges who can impartially hear cases participate in them, the recited facts would not lead to a decision to recuse. However, last November, a majority of my colleagues created a different world –

one in which it is impossible to determine in advance what standards apply to disqualification decisions – where a clear rule was replaced by a vague one. As I said at the time our new disqualification rule was adopted, the majority was weaponizing the disqualification process by inserting the "appearance of impropriety" as a controlling standard of disqualification. Moreover, now such a determination is made post hoc by a majority of this Court.

I believe that no basis exists for my disqualification in this case, but I chose the safest course under the new amorphous disqualification rule by voluntarily declining to participate in order to avoid a strategic or politically motivated motion to disqualify me, followed by the second guessing of my colleagues. Unfortunately, this is a direct product of the new "ethical" order established by Chief Justice Kelly and Justices Cavanagh, Weaver, and Hathaway.

Accordingly, because no one can now predict what will constitute an "appearance of impropriety" in the minds of my colleagues, I decline Appellants' request that I participate. I do so with extreme reluctance because my nonparticipation has resulted in an evenly divided court such that the propriety of the decision reached below cannot be decided by this State's senior court.